IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZEE KDEE YA, )
)
Petitioner, )
)
v. ) Case No. 25-3263-JWL
)
C. CARTER, Warden, FCI Leavenworth; )
F/N/U WENDLER, Deportation Officer, ICE; )
TODD LYONS, Acting Director, ICE; )
PAM BONDI, Attorney General; and )
Secretary, Department of Homeland Security, )
)
Respondents. )
_____ )

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **February 27, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of Burma. Petitioner was admitted to the United States in 2013 as a lawful permanent resident. In 2023, petitioner was convicted of various offenses in Indiana state court, and immigration officials subsequently lodged a detainer on him. On November 14, 2024, he was taken into custody by immigration officials, who initiated removal proceedings. On March 27, 2025, an immigration judge ordered petitioner's removal but granted his application for relief, with the result that petitioner

may not be removed to Burma but may only be removed to an alternative third country. Petitioner is presently detained within this judicial district. On December 5, 2025, petitioner filed the instant habeas action; respondents have filed a response to the petition, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). As the parties agree, petitioner's removal period began on April 26, 2025, the date of his removal order became final after the expiration of the 30-day appeal period. *See id.* § 1231(a)(1)(B)(i). Specifically, petitioner claims that, after more than six months since the beginning of the removal period, his detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable,

continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at \*2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at \*2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at \*2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Almost *ten months* have elapsed since the start of the removal period, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court. Moreover, respondents do not dispute petitioner's claim that officials have not provided any information about any steps taken to find an alternative country to which petitioner might be removed.

The Court further finds that respondents have not rebutted that showing. Respondents' evidence is woefully deficient in that regard. Respondents have submitted a declaration by an immigration official, but that declaration reveals that the efforts to remove petitioner are comprised entirely of a request and response within the agency, which communicated only that officials were evaluating options; and one instance last September in which the agency reached out to the State Department (with apparently no response from State). Thus, it does not appear that officials have contacted a single country to inquire about the possibility of petitioner's removal there. Neither respondents nor the declarant have attempted to explain why there have not been any such inquiries or why other efforts have not been made. Respondents have not even identified another alternative

country to which they believe petitioner might be removed in the future. *See, e.g*, *Manago v. Carter*, 2025 WL 2841209, at *2-3 (D. Kan. Oct. 7, 2025) (citing similar facts in concluding that the respondents failed to rebut the petitioner's showing under *Zadvydas*). Most significantly, there is no analysis or explanation specific to petitioner's case, as, again, respondents have not attempted to explain why previous efforts to find a removal country for petitioner have been unsuccessful or why efforts are likely to be successful in the reasonably foreseeable future.[1]

In sum, respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials failed to remove petitioner to a third country in almost ten months since the removal order became final, and even though they have seemingly made no concrete efforts regarding removal to any particular third country, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite,

---

[1] In recent cases, this Court has noted that this lack of detail or explanation is especially disheartening in light of the Court's repeated complaints to that effect and the use of boilerplate language in the Government's submissions in similar cases. *See, e.g.*, *Hassan v. Welsh*, 2026 WL 21234, at *3 (D. Kan. Jan. 5, 2026) (Lungstrum, J.). In their response in this case, respondents state in a footnote that they understand the Court's request for greater detail on removal efforts (as expressed in *Hassan*), but that they simply "do not have additional detail to provide the Court at this time." The Court appreciates that counsel may not receive additional information from Government officials, but presumably those officials know why particular steps have or have not been taken, and they may have an understanding as to why removal efforts have not been successful. So long as those officials fail to provide that information to the Court and fail to make particularized arguments why a specific petitioner's removal is likely to be accomplished in the reasonably-foreseeable future, this Court will continue to conclude that respondents have not successfully rebutted that petitioner's initial showing under the *Zadvydas* framework.

and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **February 27, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **February 27, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 17th day of February, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge